IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

    Plaintiff,                             No. 2:12-cv-1965 WBS EFB P

    vs.

B. FLEMING, et al.,

    Defendants.                       <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).[1]

        On September 5, 2012, the court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it should be dismissed based on plaintiff's concession that he had not exhausted available administrative remedies prior to filing suit. Dckt. No. 6. Plaintiff objected on the grounds that he should be excused from the exhaustion requirement because, for reasons unknown to plaintiff, prison staff refused to process his administrative appeals. Accordingly, the court vacates the September 5, 2012 findings and recommendations, dismisses the complaint

---

[1] On October 15, 2012, plaintiff requested leave to proceed in forma pauperis on appeal. Dckt. No. 13. Plaintiff's request is denied as unnecessary, as he already proceeds in forma pauperis in this action and no judgment has been entered against him from which he can appeal.

1

with leave to amend, and defers resolution of the exhaustion issue. *See, e.g., Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to exhaust may be excused where prisoner is prevented from doing so).

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Here, plaintiff alleges that his rights were violated during gang validation proceedings because defendant Fleming did not let plaintiff submit a rebuttal to the evidence used to validate him. He also alleges that defendants Marquez and Harrison approved the gang validation based on "mere gang affiliation" even though plaintiff never received a rules violation report for gang activity. As a result, plaintiff received an indeterminate sentence to the Security Housing Unit ("SHU").

Plaintiff fails to state a claim that defendants violated his due process rights. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, plaintiff pleads no facts showing how the conditions of his SHU sentence present a dramatic departure from the basic conditions of his sentence.

When a prisoner alleges a due process violation in connection with a prison official's decision to validate the prisoner as a gang member, "some evidence" must support the decision. *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455, (1985)). Additionally, the inmate must be provided with adequate notice, an opportunity to present his views, and periodic review. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986); *see also Bruce*, 351 F.3d at 1287 (explaining that only minimal procedural protections apply when assigning suspected gang affiliates to the SHU, because the

3

decision is "'essentially a matter of administrative discretion'" as opposed to a disciplinary measure) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)). Plaintiff has not alleged that he was denied these procedural protections during his gang validation proceedings.

Therefore, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory, and if he can specifically allege facts sufficient to demonstrate that he has standing to bring the action. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff is informed that any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that:

1. The September 5, 2012 findings and recommendations (Dckt. No. 6) are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal (Dckt. No. 13) is denied as unnecessary.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: October 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE