IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

    Plaintiff,                    No. 2:12-cv-1965 WBS EFB P

    vs.

B. FLEMING, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint. For the reasons discussed below, the amended complaint fails to state a cognizable claim for relief and it is recommended that this action be dismissed.

**I.    Screening Requirement and Standards**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.     Background**

In his initial complaint, Dckt. No. 1, plaintiff claimed that his due process rights were violated with respect to gang validation proceedings.  Specifically, plaintiff alleged that defendant Fleming did not let plaintiff submit a rebuttal to the evidence used to validate him as a gang member.  Plaintiff also alleged that defendants Marquez and Harrison approved the gang validation based on "mere gang affiliation" even though plaintiff never received a rules violation report for gang activity.  As a result, plaintiff allegedly received an indeterminate sentence to the Security Housing Unit ("SHU").

////

The court reviewed the complaint pursuant to § 1915A, and found that the allegations were not sufficient to state a claim that defendants violated plaintiff's due process rights. Specifically, the court informed plaintiff of the following:

> To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).
>
> "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, plaintiff pleads no facts showing how the conditions of his SHU sentence present a dramatic departure from the basic conditions of his sentence.
>
> When a prisoner alleges a due process violation in connection with a prison official's decision to validate the prisoner as a gang member, "some evidence" must support the decision. *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455, (1985)). Additionally, the inmate must be provided with adequate notice, an opportunity to present his views, and periodic review. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986); *see also Bruce*, 351 F.3d at 1287 (explaining that only minimal procedural protections apply when assigning suspected gang affiliates to the SHU, because the decision is "'essentially a matter of administrative discretion'" as opposed to a disciplinary measure) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)). Plaintiff has not alleged that he was denied these procedural protections during his gang validation proceedings.

Dckt. No. 14 at 3-4. The court dismissed the complaint with leave to amend. On February 4, 2013, plaintiff filed an amended complaint. Dckt. No. 25.

**III.    Screening of Amended Complaint Pursuant to § 1915A**

In the amended complaint, plaintiff fails to cure the defects in his due process claim or otherwise state a cognizable claim for relief. According to the complaint, defendants initiated the gang validation proceedings in "retaliation" for plaintiff's alleged battery on prison staff. *Id.* § IV.

////

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4. Plaintiff's alleged battery on staff is not protected conduct. To the extent plaintiff intends to state a First Amendment retaliation claim, he fails to do so. The defect in this claim would not be cured by amendment.

The amended complaint also alleges that there was "no evidence" to support the validation of plaintiff as a gang member. Dckt. No. 25 at 4:13-14.[1] However, the exhibits attached to the complaint demonstrate that in validating plaintiff as a Mexican Mafia associate, the evidence relied upon demonstrated plaintiff's willingness to participate in Mexican Mafia gang activity. *See id.* at 7-18. Furthermore, plaintiff again fails to plead any facts showing how the conditions of his SHU sentence present a dramatic departure from the basic conditions of his sentence. Instead, plaintiff claims only that he was "illegally retained in the SHU." Dckt. No. 25 at 5:19:23.

Despite notice of the deficiencies in his due process claim, and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief. Therefore, this action must be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff of defects in the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend

////

---

[1] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by plaintiff.

if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed for failure to state a claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5